UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN HANAI, et al.,

    Plaintiffs,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

No. C 20–06012 WHA

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS RE CLAIM FOR FRAUDULENT CONCEALMENT AND PUNITIVE DAMAGES**

**INTRODUCTION**

In this defective vehicle action, defendant moves to dismiss plaintiffs' fraudulent concealment claim under Rule 12(c) and Rule 9(b). To the extent herein stated, defendant's motion to dismiss is **GRANTED**.

**STATEMENT**

Around December 20, 2017, plaintiffs Martin Hanai and Shigeru Hanai purchased a new 2018 Mercedes-Benz GLE 350 from a Mercedes-Benz of San Francisco (Compl. Exh. C). Defendant, Mercedes-Benz USA, LLC (MBUSA), is the manufacturer of the vehicle here at

issue. Around March 16, 2020, and April 4, 2020, plaintiffs brought the vehicle to authorized MBUSA repair facilities after noticing a bad smell coming from the air conditioning. On both occasions, plaintiffs believed that the vehicle was repaired because the service technician represented that the issue had resolved and that the car was safe to drive. However, the air conditioning continued to cause a foul odor even after the attempted repairs (Compl. ¶¶ 5, 6, 12, 16, 17).

Plaintiffs allege that MBUSA knew of the defect that led to the odor but still decided to manufacture and market the vehicle. At no point during this pre-purchase period did MBUSA warn plaintiffs that the air conditioner contained any defect. Prior to purchasing the vehicle, plaintiffs relied on statements, marketing brochures, and commercials made by MBUSA representatives (Compl. ¶¶ 15, 40).

Plaintiffs allege that these statements led them to buy the vehicle. Plaintiffs had no reason suspect the air conditioning defect prior to purchase. Plaintiffs further allege that if MBUSA had disclosed the air conditioning defect at or prior to the sale, they would not have purchased the vehicle (Compl. ¶¶ 40, 44).

The Hanais now brings three claims for relief: claims for breach of express and implied warranty in violation of Song-Beverly Act and a claim for fraudulent concealment. MBUSA moves to dismiss the third claim for fraudulent concealment and with it, the plaintiffs' claim for punitive damages.

**ANALYSIS**

Rule 12(c) motions are subject to the same standard as Rule 12(b)(6) motions. *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, to survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' fraudulent concealment claim must meet Rule 9(b) which requires, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be

2

alleged generally." "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations and quotations omitted).

In considering a fraudulent concealment claim, we must also address the threshold question of whether the defendant owed the plaintiff any duty of disclosure. *Hoffman v. 162 N. Wolfe LLC* explains:

> There are four circumstances under which a person may owe a duty: [1] when the defendant is in a fiduciary relationship with the plaintiff; [2] when the defendant had exclusive knowledge of material facts not known to the plaintiff; [3] when the defendant actively conceals a material fact from the plaintiff; and [4] when the defendant makes partial representations but also suppresses some material facts. The latter three circumstances, though not requiring a fiduciary relationship, require some sort of transaction between the parties.

175 Cal. Rptr.3d 820, 826 (Ct. App. 2014). The complaint does not set forth a fiduciary relationship. However, contrary to MBUSA's suggestion, plaintiffs sufficiently allege that MBUSA served as a party to the transaction through its agents at the Mercedes-Benz of San Francisco dealership where plaintiffs purchased their vehicle (Compl., Exh. C). However, plaintiffs do not satisfy this requirement as to any of the other three circumstances because the complaint does not allege (beyond conclusory statements) that MBUSA had exclusive knowledge, actively concealed, or suppressed information.

Plaintiffs also contend that duty to disclose is established where the defect possesses a safety concern. However, the plaintiff's reliance on *Daugherty* and *Bardin* is misguided. *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 836 (2006); *Bardin v. DaimlerChrysler Corp.*, 136 Cal.App.4th 1255, 1270 (2006). The California court of appeal has rejected as dicta the suggestion in these opinions that safety concerns establish a duty to disclose, instead holding that no such independent duty exists. *Gutierrez v. Carmax Auto SuperStores Cal.*, Cal.App.5th 1234, 1260 (2018). Even if such a duty did exist, the plaintiffs did not allege any safety concerns in their complaint, first raising this allegation in their opposition.

3

To state a claim for fraudulent concealment, plaintiffs must sufficiently allege *all* of the following elements, *Graham v. Bank of Am., N.A.*, 226 Cal.App.4th 594, 606 (2014):

> (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.

While a plaintiff may plead knowledge or intent "generally" under Rule 9(b)'s relaxed standard as to conditions of the mind, the plaintiff must present some factual allegations as to the elements of their concealment claim. As *Iqbal* makes clear, plaintiffs may not "plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss" in the face of a Rule 9(b) challenge. 556 U.S. at 687.

Yet plaintiffs do just that. They fail to put forth any facts to support the intent to defraud element. Plaintiffs allege that MBUSA "had advance knowledge which only defendant could know," and that defendant was "well-aware" and "had knowledge" of the alleged air conditioning defect (Compl. ¶ 40). These threadbare conclusory statements lack factual support. Plaintiffs not only fail to present factual allegations to show MBUSA actually knew of the air conditioning defect before selling it, they also fail to allege *how* MBUSA would have discovered the defect prior to plaintiffs' purchase. Plaintiffs do not allege, for instance, that there were consumer complaints, testing reports, or anything else that would result in any reasonable inference that MBUSA knew about the defect before selling the car. That plaintiffs took their car to the dealer for repairs does not indicate fraudulent concealment as to the original purchase.

Plaintiffs' claim for punitive damages cannot survive without the fraudulent concealment claim. "Because punitive damages may not be awarded for breach of contract, the award of punitive damages must be set aside." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 392 (2008).

Dismissal of plaintiff's claim for fraudulent concealment eliminates any need to consider defendant's argument as to the economic loss rule, so this order declines to do so.

For the foregoing reasons, the motion for judgment on the pleadings is **GRANTED** and plaintiffs' third claim for fraudulent inducement-concealment and the request for punitive damages are hereby **DISMISSED**. If discovery bears out further evidence of fraud, plaintiffs may seek leave to amend their complaint in light of that evidence.

**IT IS SO ORDERED.**

Dated: June 17, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE