1  Soheyl Tahsildoost (Bar No. 271294)
   Mehgan Gallagher (Bar No. 338699)
2  THETA LAW FIRM, LLP
   15901 Hawthorne Blvd., Suite 270
3  Lawndale, CA 90260
   Telephone: (424) 297-3103
4  Facsimile: (424) 286-2244
   eservice@thetafirn.com
5
   Attorneys for defendant Mercedes-Benz USA, LLC
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  MARTIN HANAI, an individual;          )  Case No.:  3:20-cv-06012-WHA
    SHIGERU HANAI, an individual,         )
12                                        )  **DEFENDANT MERCEDES-BENZ USA,**
                   Plaintiffs,            )  **LLC'S OPPOSITION TO PLAINTIFFS'**
13                                        )  **MOTION FOR ATTORNEY'S FEES,**
              vs.                         )  **COSTS AND EXPENSES**
14                                        )
    MERCEDES-BENZ USA, LLC; A             )
15  Delaware Limited Liability Company; and )  Courtroom:    12
    DOES 1 through 20, inclusive,         )  Judge:  Hon. William Alsup
16                                        )  Date:      March 10, 2022
                   Defendants.            )  Time:       8:00 a.m.
17                                        )
                                          )  Complaint Filed:    June 26, 2020
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21  ──────────────────────────────────── )

    TO THE HONORABLE COURT, PLAINTIFF, AND THEIR ATTORNEYS OF RECORD:
22
           Defendant Mercedes-Benz USA, LLC ("MBUSA") submits the following opposition to
23
    Plaintiffs' Motion for Attorney's Fees, Costs and Expenses ("Motion").
24
    ///
25
    ///
26
    ///
27
    ///
28

                                          1

## <u>TABLE OF CONTENTS</u>

1.  INTRODUCTION ........................................................................................................ 2

2.  STATEMENT OF FACTS ........................................................................................... 3

3.  THIS COURT HAS SUBSTANTIAL DISCRETION IN RULING ON THIS MOTION
    ....................................................................................................................................... 4

4.  ARGUMENT ................................................................................................................ 6

    A.  Plaintiff's Counsel's Fee Demand is Unreasonable................................................ 6

        i.   Plaintiff's Claimed Fees Are Completely Unsupported ................................... 8

        ii.  Plaintiff's Billing Entries Are Exaggerated and Duplicative........................... 9

        iii. Plaintiff's Counsel's Hourly Rates are Excessive and Unjustified and this Court
             Should Reduce Plaintiffs' Inflated Fee Demand ................................................ 15

        iv.  All time Associated With Plaintiffs' Fraud Claims is not Recoverable ........... 17

        v.   All time After the Settlement and Release was Executed by Plaintiffs is not
             recoverable........................................................................................................ 18

    B.  A Lodestar Multiplier is Unwarranted in this Case................................................ 19

5.  DEFENDANT'S PROPOSAL FOR RULING ON PLAINTIFFS' MOTION ............ 20

6.  CONCLUSION ........................................................................................................... 21

# TABLE OF AUTHORITIES

## CASES                                                                          PAGE NO.

*Akins v. Enterprise Rent-A-Car Co.,*
   79 Cal.App.4th 1127, 1133 (2000)........................................................................ 18

*Arias v. Ford Motor Company,*
   No. 5:18-cv-1928-PSG-(SPx), at *8 (C.D. Cal. Jan. 27, 2020) ................................ 8

*Base v. FCA US LLC,*
   No. 17-CV-01532-JCS 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020)............................ 7

*Donahue v. Donahue,*
   182 Cal.App.4th 259, 271 (2010)........................................................................ 15

*Dominquez v. American Suzuki Motor Corp.*
   (2008) 160 Cal.App.4th 53, 60………………………………………………..7

*Escriba v. Foster Poultry Farms, Inc.,*
   743 F.3d 1236, 1249 (9th Cir. 2014)................................................................... 20

*Gates v. Deukmejian,*
   (9th Cir. 1992) 987 F.2d 1392, 1400 ……………………………………………….4

*Garcia v. FCA US LLC,*
   No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *5 (E.D. Cal. Mar. 7, 2018)........................ 7

*Garcia v. Mercedes Benz, LLC*
   21 Cal.App.5th 1259 ...................................................................................... 6

*Gorman v. Tassajara Development Corp*
   (2009) 178 Cal.App.4th 44,101 ....................................................................... 5,7

*Gonzalez v. City of Maywood,*
   729 F.3d 1196, 1203 (9th Cir. 2013)………………………………………………16

*Graciano v. Robinson Ford Sales, Inc.,*
   144 Cal.App.4th 140, 157 (2006)………………………………………………..18

*Graham v. DaimlerChrysler Corp.,*
   (Cal. 2004.) 34 Cal.4th 553, 588 ……………………………………………..9,18

Hall v. Bolger,
   (9th Cir.1985) 768 F.2d 1148, 1151 ……………………………………………….4

*Hall v. FCA US LLC,*
   No. 1:16-cv-0684-JLT, 2018WL 2298431, at *5–6 (E.D. Cal. May 21, 2018)………………7

*Hensley v. Eckerhart,*
   (1983)461 U.S. 424, 437   ……………………………………………………….4

*Hiken v. Dep't of Def.,*
   836 F.3d 1037, 1044 (9th Cir. 2016) ................................................................. 15

*Ingram v. Oroudijan,*
   647 F.3d 925, 928 (9th Cir. 2011) .................................................................... 15

*Jones v. Dumrichof*
   (1998) 63 Cal.App.4th 1258,1265 ................................................................... 5,7

*Ketchum v. Moses*
   (2001) 24 Cal.4th 1122 ............................................................................. 5,6,15

*Leinberger v. Keystone RV Co.*
   (2015) CA 4/3............................................................................................. 6

*Levy v. Toyota Motor Sales, U.S.A., Inc.*
   (1992) 4 Cal.App.4th 807 ............................................................................. 5,15

*Luna v. FCA US LLC*, et al, Case No.

ii

5:20-663 JGB (SHKx), C.D. Cal. Oct. 13, 2021) ....................................................... 8
*McKenzie v. Ford Motor Company,* \
  38 Cal.App.4th 695, 703 (2015) ........................................................................ 15
*Mikaeilpoor v. BMW of North America, LLC,*
  48 Cal.App.5th 240, 254 (2020) ................................................................... 15,16
*Morris v. Hyundai Motor America*
  (2019) 41 Cal.App.5th 24, 38-40 ................................................................ 6,10,16
*Nightingale v. Hyundai Motor America*
  (1994) 31 Cal.App.4th 99, 104 ................................................................... 5,6,15
*Pollard v. FCA US LLC,*
  Case No. 8:17-cv-00591-JLS, 2020 WL 57270, *7 (C.D. Cal. Jan. 3, 2020) ........................ 20
*Self v. FCA US LLC,*
  No. 1:17-cv-01107-SKO, 2019 WL1994459, at *4–5 (E.D. Cal. May 6, 2019) ..................... 7
*Serrano v. Unruh*
  (1982) 32 Cal.3d 621, 635 ......................................................................... 5-7
Serrano v. Priest,
  (1977)20 Cal.3d 25, 49 ............................................................................. 19
*Weeks v. Baker & McKenzie*
  (1998) 63 Cal.App.4th 1128, 1174 ................................................................. 20
*Welch v. Metro. Life Ins. Co,*
  480 F.3d 942, 945 (9th Cir. 2007)……………………………………………………15
*Zargarian v. BMW of North America, LLC,*
  442 F.Supp.3d 1216, 1231 (C.D. Cal. 2020)……………………………………………20

## STATUTES                                                   PAGE NO.

Civil Code § 1794 ............................................................................ 5,6,20

iii

1

## **OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES**

2

### **1.    INTRODUCTION**

3      Plaintiffs' Counsel, The Barry Law Firm (or "Plaintiffs' Counsel") brings this Motion

4   seeking to recover tens of thousands of dollars in attorney's fees, costs and expenses that Plaintiffs'

5   Counsel is not entitled to under applicable law.  From its inception, this case was never about

6   Plaintiffs recovering for a defective vehicle or consumer protection, but rather Plaintiffs' counsel's

7   recovery of attorney's fees.  Plaintiffs' counsel engages in hyper-aggressive litigation throughout

8   California, filing hundreds of cases a year in what amounts to copy-paste litigation all in an effort

9   to drive up attorney's fees.

10      The reason that lemon law cases such as this one are being filed in record numbers in courts

11   across the state, is solely due to the fact that firms like The Barry Law Firm see the Song-Beverly

12   Consumer Warranty Act's fee shifting provision as an easy way to collect attorney's fees that far

13   exceed the actual time and effort spent on cases. To reward Plaintiffs' counsel with exorbitant

14   attorney's fees where the applicable law clearly bars such recovery, would signal to The Barry

15   Law Firm and firms like them that the pattern and practice of abusing the Song-Beverly Act's fee-

16   shifting provision is acceptable at best, and encouraged at worst.

17      Plaintiffs' request for $30,010.20 in fees, costs, and expenses. should be denied or

18   significantly reduced because the fees sought are unreasonable and the work purportedly

19   performed was unnecessary in this routine lemon law case. Courts analyzing fee requests for

20   similarly routine consumer litigation matters have reduced Plaintiffs' counsel's hourly rates to

21   comport with the reasonable hourly rates for comparable consumer work in the community, cut

22   unreasonable hours and declined to award a lodestar multiplier. This case is no different.

23      Courts have broad discretion to reduce fees. Under the Song-Beverly Act, if the time

24   expended or the charge for time expended are not reasonable under all circumstances, then the trial

25   court **must** take that into account and reduce the fee award. Recently, courts have become

26   increasingly frustrated with avaricious attempts by plaintiffs to extort high fees in routine Song-

27   Beverly Act cases such as this, especially when they are obviously unwarranted. Plaintiffs' Motion

28   seeks reimbursement for 71.6 hours despite the modest litigation efforts in this case. This case

entailed routine discovery, and one pleading challenge.  In fact, the only reason this matter did no resolve earlier is that the Complaint included a baseless fraud cause of action that needed to be challenged and removed before settlement could be achieved.  No depositions were conducted, nor was there a legal vehicle inspection. Given the simplicity of Plaintiffs' lawsuit, the amount charged by their attorneys is not reasonable under the circumstances. Moreover, while Plaintiffs' counsel touts his "expertise and knowledge" in achieving a buyback, the settlement in this case actually demonstrates the routine nature of these types of cases where the only skill turns on one's ability to use the threat of attorney's fees to drive up the value.  Moreover, the buyback resolution was achieved precisely because Defendant challenged and removed the fraud cause of action that was interfering with reasonable settlement prospects.  Once fraud was removed, Defendant immediately resolved the matter.

Importantly, Plaintiffs should not recover any fees related to their improperly pled fraud and or punitive damages claims (which constitutes a large percentage of Plaintiffs' litigation work on this case) which were dismissed with prejudice by the Court following MBUSA's Motion for Judgment on the Pleadings on June 17, 2021. (Gallagher Decl. ¶ 6; ECF Dkt 34.)  Further, any fees or expenses incurred after Plaintiffs executed the settlement agreement on August 31, 2021 are not recoverable whereas the settlement agreement explicitly states that fees are only recoverable to the date of the agreement. (*Id.* ¶ 7; Settlement Agreement, Ex C.)

A lodestar reduction is appropriate because counsel's fee demand is not commensurate with the work performed, as this case did not involve any novel or complex issues. Plaintiffs' counsel was able to (and did) represent hundreds of other plaintiffs while litigating this case. Defendant MBUSA is requesting that this Court assert its vested authority to curb this distorted trend of filing motions seeking extortionate attorneys' fees.

## 2.  STATEMENT OF FACTS

Plaintiffs Martin Hanai and Shigeru Hanai ("Plaintiffs") filed this action on June 26, 2020 in San Francisco County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act against Defendant MBUSA arising from Plaintiffs' purchase of a 2018 Mercedes-Benz GLE 350, VIN 4JGDA5HB4JB072502 ("Subject Vehicle"). (Gallagher Decl. ¶ 2.) Plaintiffs

3

allege the subject vehicle contained or developed various defects, "specifically for issues with rotten smell on air conditioning." (*Id.*, Complaint ¶ 10.) On August 26, 2020, MBUSA removed this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Notice of Removal, (ECF Dkt. No. 1) (Gallagher Decl. ¶ 3.). Plaintiffs did not oppose this removal or file a motion to remand, although notably, they did attempt to bill for a motion to remand that was never filed. (*Id.* ¶ 4.) On April 28, 2021, MBUSA filed a Motion for Judgment on the Pleadings ("MJOP") challenging Plaintiffs' inapplicable and defectively-pled tangential fraudulent inducement claim and request for punitive damages. (*Id.* ¶ 5; ECF Dkt 21.) On June 17, 2021, this Court granted MBUSA's MJOP dismissing Plaintiffs' fraud and punitive damages claims in their entirety.  (*Id.* ¶ 6; ECF Dkt 34.)  Shortly thereafter, the parties reached a settlement agreement in principle in July of 2021, and the settlement and release was executed on August 31, 2021. (*Id.* ¶ 7.) The settlement agreement specifically and explicitly states:

> MBUSA shall pay Releasors' attorneys' fees, costs, and expenses that have been reasonably incurred <u>to date</u> by Releasors in the commencement and prosecution of this action in an amount determined by the Court, by way of a single noticed motion, unless the parties agree on the amount of fees, costs and expenses to be paid absent such a motion. (*Id.*; Settlement Agreement, Ex, C) (emphasis added.).

Lemon law cases are simple and straightforward, with record numbers of them being filed in courts across the state. (*Id.* ¶ 14) This Court must review the reasonableness of the fees claimed here and significantly reduce them in what was a very simple and straightforward garden variety lemon law case that required little work beyond basic lemon law litigation.

**3.**     <u>**THIS COURT HAS SUBSTANTIAL DISCRETION IN RULING ON THIS MOTION**</u>

The District Court has broad discretion to determine a reasonable award of attorney fees, and must provide "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir.1985) (the court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). However, a court is under no obligation to "make findings as to each of defendants' specific objections." *Gates v. Deukmejian,* 987 F.2d 1392, 1400 (9th Cir. 1992). This Court has substantial discretion to further reduce Plaintiffs' claimed fees.  The law is clear that the right of a

4

prevailing lemon law plaintiff to recover fees is far from unlimited.  The Song-Beverly Act allows a prevailing plaintiff to recover attorney's fees based on actual time expended, determined by the court to have been *reasonably* incurred." Cal. Civ. Code § 1794(d).  (Emphasis added).   In determining the reasonableness of a request, "trial courts <u>must carefully review attorney documentation of hours expended</u>." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (Emphasis added).)  A plaintiff has the burden of proof to demonstrate that fees are actually incurred and are reasonable. *Nightingale v. Mercedes-Benz USA LLC,* 31 Cal.App.4th 99, 104-105 (1994) [holding that the "lemon law" requires Court to determine the actual amount of fees incurred by the plaintiff and then to determine whether the time and rate are reasonable in light of the case].)  Furthermore, regardless of whether an itemized bill is submitted, once the requested attorney's fees are objected to, the burden shifts back to the moving party to prove that the fees were reasonable and necessary. *Jones v. Dumrichob,* 63 Cal.App.4th 1258, 1265 (1998).

A reduced award would be justified by a general observation that an attorney over-litigated a case or submitted a padded bill or that the opposing party has stated valid objections. *Gorman v. Tassajara Development Corp.,* 178 Cal.App.4th 44, 101 (2009).  Moreover, an award of attorney's fees is not mandatory, even where a plaintiff obtains a judgment.  In *Serrano v. Unruh,* the California's Supreme Court held that courts have discretion to deny fees altogether if faced with an unreasonable fee request. *Serrano v. Unruh*. 32 Cal.3d 621, 635 (1982).

*Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal.App.4th 807 (1992), provides useful guidance for resolving Plaintiffs' claim in this case.  In *Levy*, the plaintiff was awarded a judgment of $22,000 under the Song-Beverly Act for defective brakes.  The plaintiff's attorney then moved for $134,000 in fees.  The trial court noted that it was inconceivable that plaintiff would agree to pay his attorney $134,000 in fees on a $22,000 judgment.  The Court found that plaintiff's counsel had taken advantage of the one-sided nature of the fee statute, and awarded fees of $30,000, <u>in a case that went through trial</u>.  The Court of Appeal upheld the substantial discretion and authority of a trial court to make a large reduction, finding that:

> There is a growing practice in this community of which I am aware, for attorneys to take advantage of cases in which attorney's fees are permitted by statute.  In those cases, there is a growing practice for attorney's to

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

exaggerate the amount of their fees, because they realize they are going to be awarded attorney's fees.  (*Id*. at 812.)

**Numerous courts throughout the state have reached decisions in line with *Levy* reducing claimed attorneys' fees on the basis said fees were not actually incurred, were not reasonably incurred, and/or the claimed rates were excessive**. *Garcia v. Mercedes Benz, LLC* 21 Cal.App.5th 1259 [holding that no attorney's fees warranted even where plaintiff received a buyback.]; *Leinberger v. Keystone RV Co.*, CA 4/3 (2015)  [upholding 50% reduction in plaintiff's claimed fees].)

The pattern and practice of abusing the statutory attorney's fees provisions identified in *Levy* drives up the costs of litigation, and wastes the resources and time of the court and parties. This was a run-of-the-mill lemon law case with only routine legal work that should have resolved at the outset had it not been for Plaintiffs' completely unwarranted and unsupported fraud cause of action and yet Plaintiffs' counsel somehow managed to allegedly incur over **$30,000** in attorney's fees and costs. There was only templated, form discovery, no depositions, and no vehicle inspection.  As discussed in greater detail below, Plaintiffs' counsel's claimed fees in this case are grossly exaggerated and Plaintiffs have not met their burden in demonstrating these claimed fees are reasonable.  Because Plaintiffs have failed to meet this burden, MBUSA requests that this entire fee motion be denied.  *Serrano v. Unruh, supra* at 635.  Alternatively, as set forth above, MBUSA asks that Plaintiffs' claimed fees be significantly reduced, to, at most, **$6,000.00**

## 4.    ARGUMENT

### A.    Plaintiffs' Counsel's Fee Demand is Unreasonable

Plaintiffs' claimed fees are unreasonable and exaggerated.  The Song-Beverly Act provides for the recovery of "costs and expenses, including attorney's fees based on <u>actual time expended</u>, determined by the court to have been <u>reasonably incurred</u> by the buyer . . ." Civil Code § 1794(d) (emphasis added). ).  In determining the reasonableness of a request, "trial courts <u>must carefully review attorney documentation of hours expended</u>."  *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (emphasis added).)  A plaintiff has the burden of proof to demonstrate that fees are actually incurred and are reasonable.  *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 104-105 (1994) [holding that the "lemon law" requires Court to determine the actual amount of fees

6

incurred by the plaintiff and then to determine whether the time and rate are reasonable in light of the case].)  Regardless of whether an itemized bill is submitted, once the requested attorney's fees are objected to, the burden shifts back to the moving party to prove that the fees were reasonable and necessary.  *Jones v. Dumrichof,* 63 Cal.App.4th 1258, 1265 (1998).  A reduced award would be justified by a general observation that an attorney over-litigated a case or submitted a padded bill or that the opposing party has stated valid objections. *Gorman v. Tassajara Development Corp.,*178 Cal.App.4th 44, 101 (2009).  An award of attorney's fees is not mandatory, even where a plaintiff obtains a judgment.  In *Serrano v. Unruh,* the California's Supreme Court held that courts have discretion to deny fees altogether if faced with an unreasonable fee request. *Serrano v. Unruh* 32 Cal.3d 621, 635 (1982).

As a threshold matter, it is Plaintiffs' burden to establish that the rates sought for the three different attorney timekeepers is reasonable. Plaintiffs seek reimbursement for rates up to $600 for partners and up to $400 for associates. But, Plaintiffs failed to present evidence that their hourly rates are reasonable within the Northern District of California. As such, the Court must determine whether the hourly rates requested by counsel are reasonable for this district. S*ee Base v. FCA US LLC,* No. 17-CV-01532-JCS 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020); *Self v. FCA US LLC,* No. 1:17-cv-01107-SKO, 2019 WL1994459, at *4–5 (E.D. Cal. May 6, 2019); *Hall v. FCA US LLC,* No. 1:16-cv-0684-JLT, 2018WL 2298431, at *5–6 (E.D. Cal. May 21, 2018). These courts have stated that the "relevant community" in determining a prevailing market rate is the forum in which the district court sits and have then analyzed whether the rates requested by counsel are reasonable in light of rates paid to attorneys of similar skill and experience in the forum district. *See, e.g., Self*, 2019 WL1994459, at *4–6.; *Garcia v. FCA US LLC*, No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *5 (E.D. Cal. Mar. 7, 2018). In *Garcia*, the Court ruled that the plaintiffs' counsel's rates ranging from $250 to $500 were not reasonable within the Eastern District and reduced the rates to between $175 and $300 per hour depending on experience. Id. at *6. Similarly, the District Court for the Central District of California recently reduced the hourly rates for the plaintiffs' counsel to $325 per hour for partners, $225 per hour for associates and $200 per hour for paralegals, which it ruled were the reasonable rates for consumer work within the Los Angeles

County market. *See Arias v. Ford Motor Company,* No. 5:18-cv-1928-PSG-(SPx), at *8 (C.D. Cal. Jan. 27, 2020) The Court in *Luna v. FCA US LLC*, et al, Case No. 5:20-663 JGB (SHKx), C.D. Cal. Oct. 13, 2021), a case involving The Barry Law Firm, found that the reasonable billing rate for associates including Logan Pascal is $200 and Mr. Barry's rate was reduced to $475 an hour. Interestingly, Logan Pascal cites to the *Luna* case in his declaration to justify his hourly rate, yet conveniently fails to mention that David Barry's rate was significantly reduced. (Ex K.) This Court should similarly rule that Plaintiffs' counsel's hours are not reasonable within the community and reduce the hourly rate to accord with the ruling in *Garcia*,*Arias,* and *Luna*.

In this case specifically, (1) Plaintiffs' Counsel's time entries are unsupported by proof, (2) the entries are exaggerated, duplicative, and inaccurate, and (3) the hourly rates are inflated. MBUSA discusses this unreasonable and unnecessary billing in greater detail below and also in Exhibit D to the Declaration of Mehgan Gallagher, which is a spreadsheet setting forth MBUSA's objections to and positions on Plaintiffs' counsel's billing, addressing every billing entry made and recommending a reasonable adjustment for each.

### i.      Plaintiffs' Claimed Fees Are Not Properly Unsupported

Plaintiffs' Motion offers hearsay declarations of attorneys who have not been involved in the litigation of this case, including the declaration of Hallen D. Rosner (which is referenced but not actually attached) that allegedly sets forth conclusory statements about what other "experts" charge without any proof of these rates or the nature of the cases and communities in which these exorbitant fees are charged.   Moreover, the declarations of Plaintiffs' counsel set forth unpublished, nonbinding opinions of other courts without any information describing the context in which those fees were awarded (if they were awarded at all).  Lastly, Plaintiffs fail to provide declarations detailing the work actually performed for the 71.6 hours billed by the attorneys whose time Plaintiffs seek to recover. Plaintiffs' only evidence for the hours and of their rates is based on hearsay and lacks foundation and is therefore unsupported in this motion and should be denied.

Plaintiffs' Counsel's invoices also contain entries for work that was arguably not performed, not recoverable, and consist entirely of pre-litigation work. Specifically, as detailed below, Plaintiffs' counsel's invoice contains entries of 2.3 hours drafting a motion to remand that

was never filed (Gallagher Decl. ¶ 4, Ex. A1-A2), as well as 9 hours litigating Plaintiffs' improperly pled fraud claim, which was dismissed by this Court and for which fees are not recoverable.  (*Id.* ¶ 6, Ex B1 and B2.) See *Graham v. DaimlerChrysler Corp*., 34 Cal.4th 553, 588 (Cal. 2004.) Further, pursuant to the settlement agreement, attorneys' fees and costs as of the date the settlement and release was executed by Plaintiffs, on August 31, 2021, are not recoverable, and therefore, any costs and or fees alleged after that date, including this motion, are not recoverable. (Gallagher Decl. ¶ 7, Ex C.)

### ii.     Plaintiffs' Billing Entries Are Exaggerated and Duplicative

The invoices submitted by Plaintiffs in support of claimed attorney's fees are littered with unreasonable, exaggerated and duplicative time entries.  Plaintiffs' alleged attorney time is excessive throughout the case, largely as a result of Plaintiffs' counsel billing for what they believe the value of an assignment to be and not for the actual time spent, a practice known as "value billing."  Plaintiffs' attorneys billed 71.6 hours at $250.00 to $600.00 per hour for formulaic pleadings and discovery. This Court should not reimburse Plaintiffs for excessive time spent on routine tasks, or fees that were not reasonable incurred or necessary to the litigation. Again, Exhibit D to the Gallagher Declaration discusses each of Plaintiffs' time entries and MBUSA's objections to and positions on Plaintiffs' counsel's billing with adjustments for each.  Most entries are inflated as described in the chart, but the following is a sampling of some of the most egregious examples of Plaintiffs' counsel's overreaching:

- **0.5 hour ($262.50) for initial communication with client, 0.5 hours ($262.50) for communication with client and 0.8 hours ($420) for "review repair orders and research technical service bulletins."** As discussed above, these entries consist of non-recoverable pre-litigation work.  Furthermore, Plaintiffs' counsel claims in every fee motion that its principal, David Barry, personally conducts the initial consultation with plaintiffs and drafts representation agreements.  This is impossible since, as detailed above, The Barry Law Firm files hundreds of cases every year.  **If Mr. Barry actually handled the intake for each and every case his firm files, he would have billed over 2,000 hours in a less than two-year span solely on client intake**. Based on Plaintiffs' counsel's exaggerated billing in the instant motion, Mr. Barry billed 2.1 hours

9

on this case prior to retention (including **.3 hours ($157.50) drafting the representation agreement** that Plaintiffs' counsel now incredibly wants Defendant to compensation for).  Taking a conservative approach, **assuming that Mr. Barry billed just 2.0 hours on every case (comprised almost exclusively of "intake" and secondary review), Mr. Barry would be responsible for billing 4,472 hours in 23 months, or 194.4 hours per month**.  This is nothing less than a falsification signed by Mr. Barry under penalty of perjury and submitted to defraud MBUSA and this Court.  The truth is that Mr. Barry does not actually conduct any of these initial consultations.

- **0.4 hours ($100) for reviewing file in preparation of drafting Motion for Remand (<u>which was never filed</u>), 0.4 hours ($100) to again review the file on the same day and draft a proposed order for a Motion to Remand, (which was never filed), 0.3 hours ($75) to again review the file (for the third time) on the same day and draft a *Notice* of Motion for a Motion to Remand, (<u>which was never filed</u>), 0.3 hours ($75) to again review the file (for the fourth time) on the same day and draft a declaration for another attorney, (<u>which was never filed</u>), 1.0 hours ($250) to again review the file (for the fifth time) on the same day and draft "a memo of P&A for Motion to Remand" (<u>which was never filed</u>).** Plaintiffs' counsel claims to have spent nearly two and a half hours to tailor a template motion (which is the same motion Plaintiffs' counsel files in all of their cases) where the only information that needs to be altered apart from the caption is the vehicle details, VIN number, dealer and location. Then the information is cut and pasted into the document repeatedly. An hour and a half to perform this simple task is generous. Plaintiffs' counsel value-billed for this template motion which is entirely improper, especially where the Act compensates only for time reasonably ***incurred***.  Moreover, and most importantly, this alleged motion that took ***2.5 hours to draft was never even filed***, or contemplated based on the review of the file. (Gallagher Decl. ¶ 4, Ex A1-A2.)

- **2.5 hours ($875) for drafting a joint rule 26(f) report.** Plaintiffs' counsel claims to have spent two and a half hours to tailor a template that is used in almost every federal case, where the only information that needs to be altered apart from the caption is calendar deadlines which can easily be deduced by looking at the judge's individual standing or scheduling order. An hour and

a half to perform this simple task is generous. Plaintiffs' counsel value-billed for this template report which is entirely improper, especially where the Act compensates only for time reasonably *incurred*.

- **PMK Dates:** There are several entries regarding "PMK Dates" that are either value-billed or double-billed by Plaintiffs' counsel including the following:

  o **0.2 hours ($70) to send an email to OC re: PMK dates on 4/8/21.** Plaintiffs' counsel billed twelve minutes to draft the following email: "I am available Monday, April 12, 2021 at 1:30pm. Please let me know if you become available this week per the request in my letter." (Gallagher Decl. ¶ 10, Exhibit E.) Plaintiffs' counsel value-billed for this email which is entirely improper, especially where the Act compensates only for time reasonably *incurred*.

  o **0.2 hours ($70) to "Review and Update File: re Status of PMK dates" on 4/8/21.** Plaintiffs' counsel is alleging they spent twelve minutes, in addition to the twelve minutes they previously spent drafting a two-line email, to update the file regarding an upcoming call. Plaintiffs' counsel value-billed for this file update which is entirely improper, especially where the Act compensates only for time reasonably *incurred*.

  o **0.8 hours ($280) to "Review file in preparation of telephonic meet and confer re: PMK dates" on 4/9/21.** Plaintiffs' counsel is alleging they spent nearly an hour the very next day reviewing the file *again*, after they had already reviewed it *twice* the previous day to prepare for a call wherein MBUSA was to provide an available date the deposition of MBUSA's PMK. This is nothing more than padding the file.  It is difficult to believe that Plaintiffs' counsel is asserting under penalty of perjury that he reviewed the file for nearly an hour for a phone call wherein he was to write down a date for a deposition.   Plaintiffs' counsel value-billed for this file review which is entirely improper, especially where the Act compensates only for time reasonably *incurred.*

  o **0.5 hours ($175) for telephonic meet and confer re PMK dates on 4/9/21.** Plaintiffs' counsel billed 0.5 hours for a telephonic meet and confer re PMK dates on April 9, 2021.  Undersigned Defense counsel spoke with Plaintiffs' counsel Otis Hayes on April 9, 2021 and billed 0.1 hours for that same call for this case.  Indeed, there were four other cases discussed

11

on that call and therefore the entire call lasted approximately 0.5 (or 30 minutes) but the parties only discussed this case for 0.1 hours. (Gallagher Decl. ¶ 11, Ex F.) Plaintiffs' counsel double-billed for this call which is entirely improper, especially where the Act compensates only for time reasonably ***incurred***.

> o **0.3 hours ($105) to "Review and Update File: re Status of PMK dates" on 4/9/21.** Plaintiffs' counsel is alleging they spent eighteen minutes to write down a date. Again, this is nothing more than padding the file.  It is difficult to believe that Plaintiffs' counsel is asserting under penalty of perjury that it took him an additional eighteen minutes to again review the file after reviewing it for nearly an hour that same day to write down a date for a deposition.  Plaintiffs' counsel value-billed for this file update which is entirely improper, especially where the Act compensates only for time reasonably ***incurred.***

> o **0.5 hours ($175) for telephonic meet and confer re PMK dates on 5/17/21.** Plaintiffs' counsel billed 0.5 hours for a telephonic meet and confer re PMK dates on May 17, 2021.  Undersigned Defense counsel spoke with Plaintiffs' counsel Otis Hayes on May 17, 2021 and billed 0.2 hours for that same call for this case. (*Id.* ¶ 12.) Plaintiffs' counsel value-billed for this call which is entirely improper, especially where the Act compensates only for time reasonably ***incurred***.

> o **0.5 hours ($70) to "send email recap of telephonic meet and confer" on 5/17/21.** Plaintiffs' counsel billed thirty minutes to draft a simple recap email that contained no caselaw or research. (*Id.* ¶ 13, Ex G.) Based on the contents of this email, it is unfathomable how Plaintiffs' counsel could claim it took thirty minutes to draft. Plaintiffs' counsel value-billed for this email which is entirely improper, especially where the Act compensates only for time reasonably ***incurred***.

- **4 hours ($1,400.00) to draft a "IDC Statement re Def Discovery Responses."** Plaintiffs' counsel claims to have spent four hours to draft a 2.5 page bulleted "brief' in anticipation of an IDC. An hour and a half to perform this simple task is generous. Plaintiffs' counsel value-billed for this simple timeline of events with bullet points, especially where the Act compensates only for time reasonably ***incurred***. (ECF Dkt 26.)

12

- **3 hours ($1,575.00) to review and draft an opposition to MBUSA's Motion for Judgment on the Pleadings.** Plaintiffs' counsel claims to have spent three hours to review and tailor a template opposition. The opposition is based on a template used in other cases where the only information that needs to be altered apart from the caption is the vehicle details, VIN number, and paragraphs referenced. An hour and a half to perform this simple task is generous. Plaintiffs' counsel value-billed for this template motion which is entirely improper, especially where the Act compensates only for time reasonably *incurred*. Moreover, this motion and the opposition, contains the same claims and arguments that the parties have heard and argued several times before. (Gallagher Decl. ¶ 6, Ex B1-B2.) Moreover, as discussed *supra*, any fees related to the fraud cause of action are not recoverable. See *Graham*., 34 Cal.4th 553 at 588.

- **3 hours ($1,050.00) to review file in preparation for MJOP on 6/16/21 and an additional 1.5 hours to review file (again) in preparation for the same MJOP hearing on 6/17.21.** Plaintiffs' counsel claims to have spent four and a half hours to prepare for a hearing. An hour and a half to perform this task is generous, particularly for the attorney who has been handling the file for several months. Plaintiffs' counsel value-billed for preparation for this hearing, which contains the same claims and arguments that the parties have heard and argued several times before. This is improper, especially where the Act compensates only for time reasonably *incurred*. (*Id*.) Moreover, as discussed *supra*, any fees related to the fraud cause of action are not recoverable. See *Graham,* 34 Cal.4th 553 at 588.

- **1 hour ($350) to appear for MJOP.** Plaintiffs' counsel claims to have spent an hour to appear for this hearing.  The Court's own docket states that the hearing lasted ***14 minutes*** and was held via conference line (thus Plaintiffs' counsel cannot claim travel time) (ECF Dkt 33.) This perhaps most poignantly is an example of Plaintiffs' counsel being caught red handed.  It does make one wonder how many other entries are exaggerated if Plaintiffs' counsel had the gall to exaggerate a fourteen-minute hearing (reflected in an official minute order) into one hour. Plaintiffs' counsel value-billed for this hearing, which is improper, especially where the Act compensates only for time reasonably *incurred*. Moreover, as discussed *supra*, any fees related to the fraud cause of action are not recoverable. See *Graham,* 34 Cal.4th 553 at 588.

- **2.6 hours ($1,900.00) to draft Motion for Attorneys' Fees and Bill of Costs and supporting documents.** As discussed throughout, based on the explicit language in the settlement and release, which was negotiated and reviewed to by Plaintiffs' counsel and executed by Plaintiffs, any fees after the settlement agreement was executed on August 31, 2021 are not recoverable.  Therefore, none of the costs incurred for this motion are recoverable.

- **2 hours ($1,200.00) for review of MBUSA's Opposition to Motion for Attorney's Fees on 1/26/22 (Anticipated).** As a preliminary matter, Plaintiffs have yet to complete this task, and, as such, cannot recover fees for work that has not yet been completed. Plaintiffs' counsel claimed they reviewed MBUSA's opposition on January 26, 2022, which is impossible, because it is the same date this instant motion was filed, and MBUSA's opposition was never due before February 9, 2022. How can Plaintiffs claim that Plaintiffs are owed one thousand and two hundred dollars to review a response that Plaintiffs have yet to receive and that MBUSA has yet to even draft? An hour and a half to perform this simple task is generous. Plaintiffs' counsel value-billed for this template motion which is entirely improper, especially where the Act compensates only for time reasonably *incurred.* Moreover, as discussed throughout, based on the explicit language in the settlement and release, which was negotiated and reviewed to by Plaintiffs' counsel and executed by Plaintiffs, any fees after the settlement agreement was executed on August 31, 2021 are not recoverable.

- **4 hours ($2,400.00) to draft reply in support of motion for attorneys' fees, prepare form and attend hearing on same on 2/3/22 (Anticipated)**. As a preliminary matter, Plaintiffs have yet to complete this task, and, as such, cannot recover fees for work that has not yet been completed. How can Plaintiffs claim that Plaintiffs are owed two thousand and four hundred dollars to respond to a reply that Plaintiffs have yet to even review? Moreover, spending 2 hours to prepare for a hearing as well as 2 hours to respond to a simple reply, to be drafted by an attorney such as David N. Barry who purports to have 21 years of litigation experience is unreasonable. Additionally, as explained above, this work was unnecessary and simply an attempt to pad the attorney's fees for this case. Plaintiffs' counsel value-billed for this template motion which is entirely improper, especially where the Act compensates only for time reasonably *incurred.*

14

Moreover, as discussed throughout, based on the explicit language in the settlement and release, which was negotiated and reviewed to by Plaintiffs' counsel and executed by Plaintiffs, any fees after the settlement agreement was executed on August 31, 2021 are not recoverable.

Cumulatively, the amount of bill padding is significant.

### iii.  Plaintiffs' Counsel's Hourly Rates are Excessive and Unjustified and this Court Should Reduce Plaintiffs' Inflated Fee Demand

Under the Song-Beverly Act, courts have unilateral discretion to reduce fees in any way they choose. *Mikaeilpoor v. BMW of North America, LLC*, 48 Cal.App.5th 240, 254 (2020). If the time expended or the charge are not reasonable under all circumstances, then the trial court must take that into account and award attorney's fees in a lesser amount. *See McKenzie v. Ford Motor Company,* 238 Cal.App.4th 695, 703 (2015); *see also Levy v. Toyota Motor Sales, U.S.A., Inc.,* 4 Cal.App.4th 807, 815-16 (prevailing party not necessarily entitled to all claimed attorneys' fees). A prevailing buyer in a lemon law case has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 152 (1994).

To determine what fees were "reasonably incurred," the Court is to employ the "lodestar" method of calculating fees. *Welch v. Metro. Life Ins. Co,* 480 F.3d 942, 945 (9th Cir. 2007). In such an evaluation, a court may consider: (1) the experience, reputation and ability of the attorney; (2) the outcome of the proceeding; (3) customary fees; and (4) the novelty or difficulty of the questions presented. *Hiken v. Dep't of Def.,* 836 F.3d 1037, 1044 (9th Cir. 2016). Courts "may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Ingram v. Oroudijan,* 647 F.3d 925, 928 (9th Cir. 2011). "A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours reasonably expended." *Donahue v. Donahue,* 182 Cal.App.4th 259, 271 (2010). Further, "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses,* 24 Cal.4th 1122, 1132 (2001).

If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or

1    make an "across the board percentage cut." *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1203
2    (9th Cir. 2013).

3    As is evidenced from the ruling in *Mikhaeilpoor v. BMW of North America, LLC,* 48
4    Cal.App.5[th] 240 (2020), courts have become weary of the excessive fee demands sought in Song-
5    Beverly cases, and have been significantly slashing the amount of fees awarded. In *Mikhaeilpoor,*
6    the Court upheld a 70% reduction of a fee request, reasoning that the plaintiff's inflated fee demand
7    "was just not reasonable" for a vanilla Song-Beverly case. *Id.*, at 245.

8    As another example, in *Morris v. Hyundai,* 41 Cal.App.5[th] 24 (2019), the trial court
9    properly decreased the requested fees by 60%. In that case, the plaintiff's counsel argued, as do
10   Plaintiff's counsel here, that:

11              [Plaintiff's] counsel were able to marshal their expertise and significant experience
                in lemon law cases to litigate Morris's case efficiently. However, Morris contended
12              that Hyundai's obstreperous and aggressive positions in the litigation required
                extensive efforts by Morris's counsel … *Id.*, at 29.

13   The trial court was not swayed by this argument, and reduced the fee award to 40% of what
14   was originally requested. *Id.*, at 34. On appeal, the court of appeals affirmed the fee award, ruling
15   that a fee reduction was within the trial court's discretion as this was "a case that did not present
16   complex or unique issues, did not involve discovery motions, and did not go to trial." *Id.*, at 37. A
17   similar reduction of fees is appropriate for this case which did not involve any novel or difficult
18   issues and did not require trial preparation. There is no reasonable basis for Plaintiffs' counsel to
19   demand over $30,000.00 in fees and costs. This Court has the ability, and the responsibility, to
20   curb the excessive and unwarranted fees demanded by Plaintiffs' counsel in this case.

21   Here, Plaintiffs' counsel's claimed rates range from $250/hour to $600/hour for principal
22   David Barry. Two of the three attorneys that worked on this file claim to bill at $300 or more.
23   These rates are not only unrealistic and astronomical, but there is also no evidence presented that
24   Plaintiffs' counsel has actually billed their clients or any client at these rates.  No client in their
25   right mind would pay that amount of money for representation in a non-complex case, and certainly
26   not in a simple lemon law case.

27   The astronomical rates reflect a trend of plaintiff's attorneys consistently/annually raising
28

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

the bar.  As demonstrated by Plaintiffs' counsel's citations to the billable "rates" of other plaintiff's Lemon Law attorneys, these plaintiff's attorneys collaborate to cultivate and advance the myth of the "$500/hour Lemon Law attorney."   The Declaration of Hallen D. Rosner (which Plaintiffs reference but fail to include with their motion) allegedly provides examples of Lemon Law cases where attorney's fees were granted and references a self-serving "survey" that was conducted of other <u>plaintiff</u> Lemon Law attorneys with the distinction of claiming some of the highest hourly rates in this field of law.  No evidence is presented that these attorneys actually bill any clients at those rates (because they do not).  Conspicuously absent is a mention of hourly rates *actually charged* by these attorneys in Lemon Law matters.

Moreover, the descriptions do not provide any details about the respective cases cited including substantive discussions of special issues in the case, problems regarding discovery, the number of parties involved, and any other of a multitude of factors that the courts considered.

Defense firms typically charge approximately $200/hour in warranty defense litigation. (Gallagher Decl., ¶ 16.) This includes seasoned practitioners with as much as thirty years of trial experience.  (*Id*.) This is what actual market economics dictate is a reasonable rate for "Lemon Law" lawyers with decades of experience. (*Id*.)  Defense counsel's low rate reflects the highly competitive nature of the legal market, and saturation of attorneys in the area and is the only *real* example of the true market rate. (*Id.)*

This Court should adopt a <u>reasonable</u> rate for this type of litigation.  Defendant suggests a rate of between $200 and $250/hour for all of Plaintiffs' attorneys who have multiple years of experience in consumer litigation.  In fact, on October 18, 2021, the Honorable Carol Greene reduced all of Plaintiff's Counsel's hourly rates to $250 per hour in the matter of *Fernando Cervantes v. Hyundai Motor America*, Riverside Court Case No. RIC2000055. (Ex I1-I2) The Court in *Quesada. V. FCA US LLC*, Los Angeles Case No.702487 held that the reasonable billing rate for plaintiff's counsel in that similar lemon law action was determined to be $225-350/hour. (Ex J.)

### iv.    All Time Associated With Plaintiffs' Fraud Claims is not Recoverable

California follows the American rule with respect to attorney's fees, which states that each

party must pay their own attorney's fees unless fees are provided for by statute or by agreement of the parties. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 588 (Cal. 2004).   In the instant case, Plaintiffs rely upon the Song-Beverly Consumer Warranty Act ("Act") which provides for recovery of reasonable attorney's fees for breach of warranty claims brought pursuant to the Act. While this case was originally filed as a Song-Beverly action, Plaintiffs also brought an inapplicable and defectively-pled tangential fraudulent inducement claim and request for punitive damages. "When a cause of action for which attorneys' fees are provided by statute is joined with other causes of action for which attorneys' fees are not permitted, the prevailing party may recover only on the statutory cause of action." *Akins v. Enterprise Rent-A-Car Co.,* 79 Cal.App.4th 1127, 1133 (2000).  Fraud does not provide for attorney's fees. In calculating the lodestar amount, the court should consider whether it could segregate the work Plaintiffs' counsel performed on causes of action for which they are entitled to fees from those for which they were not. *Graciano v. Robinson Ford Sales, Inc.,* 144 Cal.App.4th 140, 157 (2006). Here, the segregation is simple. In connection with pursuing these fraud claims, **Plaintiffs incurred a total of 9 hours and $3,657.50 in attorney's fees**. These fees are spread across MBUSA's Motion for Judgment on the Pleadings, any related oppositions and replies, hearings, and meet and confer.  Plaintiffs cannot recover any of these fees because they were incurred solely with respect to Plaintiffs' fraud claims and no statute or agreement of the parties allows for recovery of fees for the fraud claims, and Plaintiffs cite to no such authority. Plaintiffs will likely argue that the Song-Beverly claims and the fraud claims are too intertwined to be separated but this is clearly false.  It is clear from the face of the relevant documents and Plaintiffs' billing entries that all work associated with the pleading challenges had nothing to do with the Song-Beverly claims.  Plaintiffs' anticipated argument might make sense if for example, MBUSA were attempting to apportion deposition time between the claims, but that is simply not the case here.  The fees identified were solely in furtherance of the fraud claims and cannot be recovered.

> **v.    All Time After the Settlement and Release was Executed by Plaintiffs is not Recoverable**

As explained above, the parties reached a settlement agreement in principle in July of 2020,

and the settlement and release was executed on August 31, 2021. (Gallagher Decl. ¶ 7.) The settlement agreement specifically and explicitly states:

> MBUSA shall pay Releasors' attorneys' fees, costs, and expenses that have been reasonably incurred <u>to date</u> by Releasors in the commencement and prosecution of this action in an amount determined by the Court, by way of a single noticed motion, unless the parties agree on the amount of fees, costs and expenses to be paid absent such a motion. (*Id.*, Ex, C) (emphasis added.).

Based on the explicit language in the settlement and release, which was negotiated and reviewed to by Plaintiffs' counsel and executed by Plaintiffs, any fees after the settlement agreement was executed on August 31, 2021 are not recoverable. **Plaintiffs incurred a total of 8.6 hours and $5,010.00 in attorney's fees** after August 31, 2021. That includes Plaintiffs' counsel's time accrued related to this instant motion, as well as the anticipated time to review MBUSA's opposition, draft a reply, and attend a hearing on same, although these anticipated fees are also not recoverable.

### B.       A Lodestar Multiplier is Unwarranted in this Case

Plaintiffs are not entitled to a lodestar multiplier.  There was only paint by numbers lemon law "discovery" performed and no further discovery (no depositions taken, no legal vehicle inspection). In other words, this was the same kind of simple and straightforward lemon law case that plaintiffs' attorneys are filing hundreds of every year in this state.  Simply filing a lawsuit, and then performing run-of-the-mill discovery, does not, and should not, entitle a party to a multiplier. The primary factors for awarding a multiplier are (1) the novelty and difficulty of the litigation and questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment, and (4) the contingent nature of the fee award. *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977).   This is a simple, lemon law case, not complex business/securities litigation with countless nuanced legal theories at issue.  The sole issues are whether (1) the vehicle suffered from a defect that substantially impaired its use, value or safety and, (2) that defect repaired within a reasonable number of attempts.  Damages are simple to ascertain, as the statute provides the calculation.

Plaintiffs' Counsel's conclusory claims that they are entitled to a multiplier are also baseless. Unlike like in, say, personal injury cases, the plaintiff lemon law attorneys are not

competing with their clients for recovery as the statute provides for their fees and it is therefore patently false to claim that Plaintiffs' fees were ever in doubt. See *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1174 (1998) [**holding that no lodestar multiplier warranted since the availability of statutory fees is evidence against lodestar multiplier and contingency alone does not merit a multiplier**.].)

There is a reason that lemon law is growing faster than any other area of law in the state and flooding court dockets: certain plaintiffs' attorneys are gaming the system for their own monetary gain. These cases are simple and the work is copy-paste, making it neither complex, nor difficult. If anything, a negative multiplier should be applied as a result**.**

## 5.    DEFENDANT'S PROPOSAL FOR RULING ON PLAINTIFFS' MOTION

Defendant's adjustment to the inflated hourly rate and exaggerated time entries, the total amount of reasonable fees incurred are at most $6,000 with the cost and expenses to be litigated separately. (See Gallagher Decl., Ex. D). Courts are afforded significant "flexibility in evaluating the suitability of awarding costs in a particular case." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1249 (9th Cir. 2014). District courts are split as to whether costs recoverable under Song-Beverly are governed by Fed. R. Civ. P. 54 or Cal. Civil Code section 1794. Compare *e.g., Pollard v. FCA US LLC,* Case No. 8:17-cv-00591-JLS, 2020 WL 57270, *7 (C.D. Cal. Jan. 3, 2020) (finding that federal procedural law applies), with *e.g., Zargarian v. BMW of North America, LLC*, 442 F.Supp.3d 1216, 1231 (C.D. Cal. 2020) (courts have held that "the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d), rather than Rule 54").

Here, Plaintiffs are not entitled to reimbursement for costs that are unclearly calculated or unsubstantiated under either Song-Beverly, or the Federal Rule of Civil Procedure 54. In summary, Defendant requests the following adjustments if any fees are to be awarded:

(a) The Court should reduce/strike time billed by Plaintiffs' counsel based on Exhibit D;

(b) Plaintiffs' counsel should not be able to recover for any pre-litigation work;

(c) Plaintiffs' Counsel's rates should be reduced to between $200 and $250/hour or less;

(d) Plaintiffs' Counsel's time associated with Plaintiffs' fraud claim, totaling 3,657.60,

20

should not be recoverable;

(e) Plaintiffs' counsel should not be compensated for any work done after the settlement and release was executed by Plaintiffs based on the explicit language in the release which includes $5,010.00; and

(f) Plaintiffs' counsel should not be compensated for bringing this motion.

## 6.   **CONCLUSION**

Based on the above, MBUSA requests that the Court deny this motion in whole or in part because Plaintiffs failed to meet their burden of establishing reasonably incurred fees, and reduce Plaintiffs' requested award to no more than $6,000.

Dated:  February 9, 2022          THETA LAW FIRM, LLP

_____
MEHGAN GALLAGHER
Attorney for Defendant Mercedes-Benz USA, LLC

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on February 9, 2022, I filed the foregoing document entitled

3

**DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFFS'**

4

**MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** with the clerk of court

5

using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in

6

this action

7

Dated: February 9, 2022          THETA LAW FIRM, LLP

8

9

10

_____

SOHEYL TAHSILDOOST

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**