United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN HANAI and SHIGERU HANAI,

    Plaintiffs,

        v.

MERCEDES-BENZ USA, LLC,

    Defendant.

No.  C 20-6012 WHA

**ORDER RE MOTION FOR ATTORNEY'S FEES**

### INTRODUCTION

In this defective vehicle action, plaintiffs move for attorney's fees.  For the reasons that follow, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

Plaintiffs Martin Hanai and Shigeru Hanai purchased a new 2018 Mercedes-Benz GLE 350 from a Mercedes-Benz dealership in San Francisco.  Defendant Mercedes-Benz USA, LLC manufactured the vehicle.  On two occasions, plaintiffs took the vehicle to authorized Mercedes-Benz repair facilities to address a foul odor coming from the air conditioner.  On both occasions, plaintiffs believed the vehicle had been repaired because the service technician represented that the issue had been resolved.  But the air conditioner continued to cause a foul odor even after the

United States District Court
Northern District of California

1    attempted repairs.  Defendant did not replace the vehicle or make restitution to

2    plaintiffs.

3    Plaintiffs brought three claims for relief in state court:  one claim for breach

4    of express warranty in violation of the Song-Beverly Act; one claim for breach of

5    implied warranty in violation of the Song-Beverly Act; and one claim for

6    fraudulent concealment.  Defendant successfully removed to federal court on the

7    basis of diversity jurisdiction.  Defendant then moved to dismiss the third claim for

8    fraudulent concealment and, with it, plaintiffs' claim for punitive damages.  That

9    motion was granted.

10    The parties later entered into a settlement agreement, whereby defendant

11    agreed to repurchase the vehicle for $67,913.01.  The agreement provided that

12    defendant shall pay plaintiffs' "attorneys' fees, costs, and expenses that have

13    been reasonably incurred to date . . . ."  It also stated that plaintiffs "are the

14    prevailing party" for purposes of a motion for attorney's fees.  The parties filed

15    a joint notice voluntarily dismissing the matter.  Plaintiffs now move for

16    attorney's fees in the amount of $29,147.50 and costs in the amount of $862.70.

17    This order follows full briefing and a telephonic hearing.

18                                    **ANALYSIS**

19    "In a diversity case, the law of the state in which the district court sits

20    determines whether a party is entitled to attorney fees . . . ."  *Carnes v. Zamani*,

21    488 F.3d 1057, 1059 (9th Cir. 2007).  "Except as attorney's fees are specifically

22    provided for by statute, the measure and mode of compensation of attorneys and

23    counselors at law is left to the agreement, express or implied, of the parties; but

24    parties to actions or proceedings are entitled to their costs . . . ."  Cal. Civ.

25    Code § 1021.

26    The Song-Beverly Act provides, in part:

27                  If the manufacturer or its representative in this state is
              unable to service or repair a new motor vehicle . . . to conform to
28                  the applicable express warranties after a reasonable number of

2

attempts, the manufacturer shall either promptly replace the new
motor vehicle . . . or promptly make restitution to the buyer . . . .

＊          ＊          ＊

If the buyer prevails in an action under this section, the
buyer shall be allowed by the court to recover as part of the
judgment a sum equal to the aggregate amount of costs and
expenses, including attorney's fees based on actual time expended,
determined by the court to have been reasonably incurred by the
buyer in connection with the commencement and prosecution of
such action.

Cal. Civ. Code §§ 1793.2(d)(2), 1794(d). "'Prevailing party' includes the party

with a net monetary recovery . . . ." Cal. Civ. Code § 1032(a)(4). "[T]he term

'recovery' in Section 1032(a)(4) encompasses situations in which a defendant

settles with a plaintiff for some or all of the money that the plaintiff sought

through litigation." *DeSaulles v. Cmty. Hosp. of Monterey Peninsula*, 62 Cal.

4th 1140, 1154 (2016).

Regarding calculation of fees, the California Supreme Court has stated:

[A] court assessing attorney fees begins with a touchstone
or lodestar figure, based on the "careful compilation of the time
spent and reasonable hourly compensation of each
attorney . . . involved in the presentation of the case." . . . . [T]rial
courts must carefully review attorney documentation of hours
expended; "padding" in the form of inefficient or duplicative
efforts is not subject to compensation.

[T]he lodestar is the basic fee for comparable legal services
in the community; it may be adjusted by the court based on factors
including . . . (1) the novelty and difficulty of the questions
involved, (2) the skill displayed in presenting them, (3) the extent
to which the nature of the litigation precluded other employment
by the attorneys, (4) the contingent nature of the fee
award. . . . The "'experienced trial judge is the best judge of the
value of professional services rendered in his court . . . .'"

*Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001) (citations omitted). The

trial judge must use the "prevailing rate in the community for similar work" to

calculate fees. *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump,*

*Inc.*, 6 Cal. App. 5th 426, 432 (2016). Generally, the forum district represents

the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405

(9th Cir. 1992).

1    The moving party bears the burden of establishing that the requested fees

2    are reasonable.  *See City of Colton v. Singletary*, 206 Cal. App. 4th 751, 784

3    (2012).  "To the extent a trial court is concerned that a particular award is

4    excessive, it has broad discretion to adjust the fee downward or deny an

5    unreasonable fee altogether."  *Ketchum*, 24 Cal. 4th at 1138.

6         1.    **REASONABLE HOURLY RATES.**

7         "[T]he statutory language of Section 1794, subdivision (d), is reasonably

8    compatible with a lodestar adjustment method of calculating attorney fees,

9    including use of fee multipliers."  *Robertson v. Fleetwood Travel Trailers of*

10   *Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006).  Thus, the lodestar method

11   applies to this Song-Beverly Act dispute.

12        This order finds the hourly rates plaintiffs' counsel has requested to be

13   slightly higher than the prevailing rates in the community for similar work,

14   considering the experience of the attorneys involved.  A review of several

15   recent decisions in this district reveals hourly rates ranging from $225 to $650

16   for lemon law attorneys.  *Cox v. FCA US LLC*, No. 3:20-CV-03808-WHO,

17   2022 WL 316681 (N.D. Cal. Feb. 2, 2022) (Judge William Orrick); *Boyzo v.*

18   *FCA US LLC*, No. 17-CV-04154-JCS, 2020 WL 1914805 (N.D. Cal. Apr. 20,

19   2020) (Judge Joseph Spero); *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, No.

20   5:15-CV-01370-EJD, 2020 WL 1677328 (N.D. Cal. Apr. 6, 2020) (Judge

21   Edward Davila); *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2020 WL

22   363006 (N.D. Cal. Jan. 22, 2020) (Judge Joseph Spero).

23        Here, plaintiffs' counsel requests that this order apply an hourly rate of

24   $525 to David Barry's work prior to January 2022 and an hourly rate of $600 to

25   his work thereafter.  Similarly, plaintiffs' counsel requests that this order apply

26   an hourly rate of $250 to Logan Pascal's work prior to January 2022 and an

27   hourly rate of $300 to his work thereafter.  And, as to Otis Hayes III, plaintiffs'

28

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    counsel requests an hourly rate of $350 for his work prior to January 2022 and

2    $400 for his work thereafter.

3    　　　Plaintiffs' counsel submitted declarations that sufficiently state the above

4    attorneys' experience and qualifications to justify granting fees.  But this order

5    finds no reason to deviate from *Cox*, in which Barry and Pascal represented the

6    plaintiff.  2022 WL 316681, at *1 (arising from violations of vehicle warranties

7    under the Song-Beverly Act).  In *Cox*, Judge Orrick found hourly rates of $525

8    and $250 reasonable for Barry and Pascal, respectively, so this order applies

9    those rates to Barry and Pascal.  *Id.* at *2.

10   　　　Neither does this order find reason to deviate from the $350 hourly rate

11   for Hayes, as three attorneys with similar experience as Hayes received an

12   hourly rate of $350 in *Base*.  2020 WL 363006, at *5.  So this order applies that

13   rate to Hayes.

14   　　　**2.    SETTLEMENT AGREEMENT.**

15   　　　Defendant argues plaintiffs should not recover fees incurred after the date

16   of settlement because the settlement agreement authorizes fees only "to date"

17   (Opp. 4).  This order agrees.

18   　　　California appellate courts have cut attorney's fees based on the settlement

19   offer date.  *Meister v. Regents of Univ. of Cal.*, 67 Cal. App. 4th 437, 450

20   (1998).  The Second Circuit has stated the same:

21   　　　　　[W]hen a settlement cuts off a plaintiff's entitlement to attorney's
　　　　　　fees on a specific date, a district court may not award a party
22   　　　　　attorney's fees for work incurred after that cut-off
　　　　　　date . . . includ[ing] fees for work performed preparing a fee
23   　　　　　application submitted to the district court in the event the parties
　　　　　　are unable to agree on the attorney's fees to be awarded despite a
24   　　　　　good faith effort to negotiate.

25   *Lilly v. City of N.Y.*, 934 F.3d 222, 237 (2nd Cir. 2019).  Thus, plaintiffs shall

26   not recover the $5,010 in fees and costs incurred after the settlement date of

27   August 31, 2021.

28   / / /

United States District Court
Northern District of California

### 3.    FRAUD CLAIM.

Defendant argues that plaintiffs should not recover fees associated with

litigating their fraud claim.  This order agrees.

"Attorney fees incurred by a plaintiff in bringing a fraud action are not

recoverable."  *Bezaire v. Fid. & Deposit Co.*, 12 Cal. App. 3d 888, 892 (1970).

Further, a California appellate court has stated:

> When a cause of action for which attorney fees are provided by
> statute is joined with other causes of action for which attorney fees
> are not permitted, the prevailing party may recover only on the
> statutory cause of action. . . . When the liability issues are so
> interrelated that it would have been impossible to separate them
> into claims for which attorney fees are properly awarded and
> claims for which they are not, then allocation is not required.

*Akins v. Enter. Rent-A-Car Co. of San Francisco*, 79 Cal. App. 4th 1127, 1133

(2000).

Here, plaintiffs can recover attorney's fees for violations of the Song-

Beverly Act but not for fraud because it was unreasonable to allege fraud in the

first place.  A prior order found that plaintiffs "fail[ed] to put forth any facts to

support" that defendant had knowledge of the air-conditioning defect, that

defendant concealed the defect, or that defendant had an intent to defraud

plaintiffs (Dkt. No. 34 at 4).  Thus, plaintiffs unreasonably wasted defendant's

time and judicial resources pursuing a meritless claim, which was ultimately

dismissed on the pleadings.  And the liability issues were not so interrelated that

allocation would be impossible — defendant's motion for judgment on the

pleadings discussed only the fraud claim.  Thus, plaintiffs shall not recover

$4,602.50 for work responding to the motion for judgment on the pleadings,

which includes time relating to the hearing on the motion.

### 4.    UNFILED MOTION TO REMAND.

Plaintiffs have not filed a motion to remand in this case, but plaintiffs have

billed for preparing and drafting a motion to remand.  It was "inefficient" for

plaintiffs' counsel to prepare the motion and never file it, so the fees incurred

amount to unreasonable "'padding' . . . not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132. Further, in their reply brief, plaintiffs "withdraw the time incurred with the Motion to Remand" (Reply Br. 6). Thus, plaintiffs shall not recover the $600 billed for such motion.

### 5.   OTHER ADJUSTMENTS.

The following further adjustments shall be made, which reduce plaintiffs' fees by $2,030 in total:

- 4/8/21: "Communication: send email to OC re PMK dates" reduced to 0.1 hours (Gallagher Decl., Exh. E (two-sentence email)). Reduces total fees by $35.

- 4/9/21: "Communication: telephonic meet and confer re PMK dates" reduced to 0.1 hours based on email showing that four other cases were also discussed during call (Gallagher Decl., Exh. F). Reduces total fees by $140.

- 5/17/21: "Communication: Send email recap of telephonic meet and confer" reduced to 0.1 hours (Gallagher Decl., Exh. G). Reduces total fees by $140.

- 5/19/21: "Review scheduling order" reduced to 0.1 hours. Reduces total fees by $140.

- 5/24/21: "Review and Update File: re status of Beverly Hills PMQ deposition dates" reduced to 0.1 hours. Reduces total fees by $70.

- 5/27/21: "Draft IDC Statement re Def discovery responses" reduced to two hours due to inefficiency (Dkt. No. 26 is only 2.5 pages). Reduces total fees by $700.

- 6/7/21: "Review File: re IDC brief" is eliminated as duplicative of the subsequent entry, "Review and Revise: revise IDC Brief." Reduces total fees by $175.

United States District Court
Northern District of California

- Each of eight entries for "Review File" regarding "PMK dates" reduced to 0.1 hours.  Reduces total fees by $630.

### 6.    DEFENDANT'S OBJECTIONS.

Defendant filed separate objections to numerous statements in the Declaration of David Barry (Dkt. No. 45).  This order has considered each objection.  To the extent this order's analysis implicates any evidence to which there was an objection, such objection is overruled.

### CONCLUSION

For the foregoing reasons, and to the extent stated herein, plaintiffs' motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall recover attorney's fees in the amount of **$16,905**.  Plaintiffs shall recover costs in the amount of **$862.70** pursuant to Local Rule 54-3(a) (Dkt. No. 42).

**IT IS SO ORDERED.**

Dated:  March 10, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California